IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| McKESSON MEDICAL-SURGICAL MINNESOTA SUPPLY, INC. <br> *Plaintiff,* <br><br> VS. <br><br> TEXAS HEALTH SUPPLY, INC. <br> *Defendant.* | § § § § § § § § § | CIVIL ACTION NO. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff McKesson Medical-Surgical Minnesota Supply, Inc. ("McKesson") files this Original Complaint against Texas Health Supply, Inc. ("THS") to recover for THS's default on a April 6, 2021 promissory note in the principal amount of $979,169.19. THS defaulted on the note, failing to make any payments whatsoever. Though notices of default and acceleration have been given, the outstanding debt remains unpaid.

**I.   PARTIES**

1. Plaintiff McKesson Medical-Surgical Minnesota Supply, Inc. is a corporation organized under the laws of Minnesota with its principal place of business in Virginia.

2. Defendant Texas Health Supply, Inc. is a corporation organized under the laws of Texas with its principal place of business in Houston, Texas. THS may be served with process by serving its registered agent for service of process, Mehmet Arbatli, at 18702 Tupper Creek Court, Tomball, Texas 77377.

**II.   JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the amount in controversy exceeds the minimum jurisdictional limits of this Court and there is complete diversity of citizenship among the parties. McKesson is a Minnesota

corporation with its principal place of business in Virginia. THS is a Texas corporation with its principal place of business in Texas.

4. This Court has personal jurisdiction over THS because this lawsuit arises out of and is connected with the purposeful acts committed by THS in Texas. Specifically, THS obtained the Note from McKesson in Texas. The promissory note was performable in Texas and is secured by THS's property located in Texas.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### III.   FACTS

6. On or about April 6, 2021, THS executed a Promissory Note (the "Note") payable to McKesson Corporation as collection agent for Plaintiff McKesson. The Note is in the principal amount of nine hundred seventy-nine thousand one hundred sixty-nine and 19/100 Dollars ($979,169.19) and included with interest at a rate of 7% per annum. A true and correct copy of the Note is attached as Exhibit "A."

7. Under the Note, THS was required to make principal payments in 12 consecutive installments on the 20th of each month beginning April 20, 2021. Ex. A at ¶ 2. The first 11 installments were in the amount of $84,724.32 each. *Id.* The final installment was in the amount of $84,724.36, together with any unpaid accrued interest. *Id.*

8. THS defaulted under the terms of the Note because, to date, THS has failed to make any payments on the Note.

9. The Note provides that THS' failure to pay any amount due under the Note within three days after written notice constitutes "default" under the Note:

> **5. Default.** Failure of Debtor to pay any amount due hereunder within three days after written notice to Debtor that such payment is overdue, or any default under any Security Agreement, constitutes a "Default" under this Note. McKesson shall

be entitled upon any Default to demand payment of the unpaid principal balance and all accrued interest thereon by written notice to Debtor. Debtor agrees to pay and all collection costs and reasonable attorney's fees incurred by McKesson in connection herewith.

Ex. A at ¶ 5.

10. Most recently, on October 13, 2022, McKesson notified THS that its failure to make the installment payment due under the Note constituted an event of default under the Note. McKesson further advised THS that, if the past due balance was not paid immediately, McKesson would, in accordance with the terms of the Note, seek to recover all unpaid principal along with all accrued and unpaid interest, attorneys' fees, and costs of collection. A true and correct copy of McKesson's October 13, 2022 letter to THS is attached as Exhibit "B."

11. THS did not respond to McKesson's demand for payment. Previously, on August 24, 2021, McKesson notified THS that McKesson had accelerated the amounts due under the Note and that the Note was then due and payable in full. A true and correct copy of McKesson's August 24, 2021 letter is attached as Exhibit "C." THS failed and refused, and continues to fail and refuse, to pay the sums due under the Note. As a result, McKesson brings suit to enforce payment of the principal indebtedness, all accrued and unpaid interest, attorneys' fees, and costs of collection.

12. As of the filing of this suit, the amount due and payable on the Note is $1,068,332.90 including principal of $979,169.19 and interest in the amount of at least $89,163.80. Interest continues to accrue at the rate of 7% per annum.

13. McKesson is the owner and holder of the Note, and is entitled to receive all payments described therein.

## IV.   CONDITIONS PRECEDENT

14. All conditions precedent to McKesson's right to recover against THS have been met, satisfied, or waived.

## V.   SUIT ON THE NOTE

15. The Note is due and payable by its terms. Despite demand, THS has failed to pay the balance due on the Note. McKesson seeks recovery against THS under the Note for the entire amount of principal due, together with all accrued and unpaid interest, costs, and expenses.

## VI.   ATTORNEYS' FEES AND EXPENSES

16. Pursuant to the express terms of the Note and as permitted by law, THS is liable to McKesson for its reasonable attorneys' fees and expenses incurred as a result of THS's default under the Note.

## VII.   PRAYER

McKesson requests that THS be cited to appear and answer herein and that, upon trial of this cause, McKesson recovers judgment and relief against THS, as follows:

1.  all unpaid principal and interest due on the Note;
2.  reasonable and necessary attorneys' fees and collection costs;
3.  costs of court and other recoverable expenses;
4.  post-judgment interest; and
5.  any other relief to which McKesson is entitled.

Respectfully submitted,

**WINSTEAD PC**

By: */s/ Jason R. Bernhardt*
 Jason R. Bernhardt, Attorney in Charge
 State Bar No. 24045488
 S.D. Tex. Bar No. 566787
 jbernhardt@winstead.com
 600 Travis, Suite 5200
 Houston, Texas 77002
 Telephone: (713) 650-8400
 Facsimile: (713) 650-2400

**ATTORNEYS FOR PLAINTIFF MCKESSON MEDICAL-SURGICAL MINNESOTA SUPPLY, INC.**